IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER MICHAEL METTLEN,

     Plaintiff,

v.

MICHAEL KASTE and GARY SMITH,

     Defendants.

Case No. 16-cv-4008-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Christopher Mettlen filed this pro se action against two defendants: Michael Kaste, a retired FBI agent, and Gary Smith, a FBI taskforce officer employed by the Kansas Bureau of Investigation. Although plaintiff's Complaint is difficult to understand, he appears to allege that defendants, while acting in their official capacities for the FBI, harassed him through the use of mind control devices attached to small jets. *See* Doc. 1 at 8, 12; *see also* Doc. 1-1 at 1 (stating that "these jets are fl[y]ing in the State of Kansas and are harassing [plaintiff] on a daily basis with mind control and direct energy weapons"). Plaintiff asserts that this harassment deprived him of his rights, giving him a cause of action under 18 U.S.C. § 242.

This matter comes before the court on four motions: plaintiff's three Motions for Entry of Default (Docs. 4, 7, 13) and defendants' Motion to Dismiss (Doc. 14). For the reasons explained below, the court denies plaintiff's Motions for Entry of Default and grants defendants' Motion to Dismiss.

    I.    **Plaintiff's Motions for Entry of Default**

On March 7, 2016, plaintiff filed a motion for entry of default against defendant Smith. On March 25, 2016, plaintiff filed a motion for entry of default against defendant Kaste. And on

1

June 13, 2016, plaintiff filed a motion for entry of default against both defendants.  In his motions for default, plaintiff contends that he served both defendants properly and that neither defendant had responded to his Complaint within the 21 days prescribed by Federal Rule of Civil Procedure 12(a).  Defendants contend, however, that plaintiff did not serve them properly and ask the court to deny plaintiff's Motions for Entry of Default.

As the proponent of a motion for default, plaintiff must show that he served defendants properly.  *Keller v. Owens*, 07-1127-WEB, 2007 WL 2702947, at *1 (D. Kan. Sept. 14, 2007).  Plaintiff may do so through "affidavits and other documentary evidence."  *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bernard v. Husky Truck Stop*, No. 93-2241-JWL, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), *aff'd*, 45 F.3d 439 (10th Cir.1995)).

Here, plaintiff sues defendants in their official capacities only, so he must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to" both defendants.  Fed. R. Civ. P. 4(i)(2).  To serve the United States properly, plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A)–(B).

Plaintiff contends that he sent a copy of the Complaint to the United States Attorney for the District of Kansas by certified mail on April 23, 2016, but the certified mail receipt plaintiff provided the court is postmarked April 26, 2016.  Doc. 17 at 6.  So the court uses the postmark date of April 26, 2016, in its analysis here.  Plaintiff does not contend that he included a summons along with the Complaint, and plaintiff also concedes that he has not served the

Attorney General of the United States. *See id.* at 3. So plaintiff has not shown that he served defendants properly under Rule 4(i).

And even if plaintiff's April 26, 2016 mailing had satisfied Rule 4(i)'s service requirements, defendants are not in default. Rule 12(a)(2) gave defendants 60 days to respond to the Complaint and summons. Defendants filed their Motion to Dismiss on June 16, 2016—well within 60 days of plaintiff serving the Complaint by certified mail. Having responded within the prescribed timeframe, defendants are not in default.

Plaintiff contends, however, that defendants' time to respond to his Complaint started on April 11, 2016, when the United States Attorney for the District of Kansas filed a response to plaintiff's second motion for entry of default, and not on April 26, 2016. The court understands plaintiff's contention as one asserting that defendants' April 11, 2016 response to his default motion waived service because the United States Attorney entered an appearance. Plaintiff cites no authority to support this contention. Indeed, case law in our Circuit and elsewhere holds otherwise. *See, e.g.*, *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) ("Under rule 12, just as a party does not waive his right to contest personal jurisdiction or venue by having an attorney enter an appearance on [his] behalf, a party does not waive his right to service of process upon an attorney's entry of appearance on his behalf."); *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990) ("[T]he filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants." (citing Fed. R. Civ. P. 4(a))).[1] So defendants' response to plaintiff's default motion on April 11, 2016, did not waive or otherwise constitute proper service under Rule 4(i). The court thus denies plaintiff's Motions for Entry of Default.

---

[1] When Kansas state law governs sufficiency of service, an attorney's entry of appearance constitutes service. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275–76 (10th Cir. 1998). Here, however, plaintiff must make service under Rule 4(i)(2), not Rule 4(e). Thus, only federal law applies. And even if state law applied, plaintiff still has not served the Attorney General, as required for proper service under Rule 4(i)(2).

## II.      Defendants' Motion to Dismiss

Defendants ask the court to dismiss plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2]  For the reasons explained below, the court grants defendants' Motion.

### A.      Rule 12(b)(6) Motion to Dismiss Standard

Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true.  *Id.* at 1263.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief.  *Iqbal*, 556 U.S. at 678.  And when considering a motion to

---

[2] In their Motion, defendants also note that plaintiff has yet to serve them properly, but appear to waive any improper-service defense.  *See* Doc. 15.

4

dismiss a pro se plaintiff's complaint, the court construes the plaintiff's pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se plaintiff. *Id.* Nor does a plaintiff's pro se status excuse him or her from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B.   18 U.S.C. § 242 Claims

Defendants contend that plaintiff's Complaint fails to state a claim for relief because 18 U.S.C. § 242—plaintiff's only asserted basis for his claim—is a criminal statute that does not give rise to a private cause of action. The court agrees. Criminal statutes do not give rise to a private cause of action, so plaintiff "cannot bring a civil action to recover upon the alleged violation" of 18 U.S.C. § 242. *United States ex rel. Price v. McFarland*, No. 04-4058-RDR, 2004 WL 3171649, at *4 (D. Kan. Sept. 22, 2004); *see also Daugherty v. United States*, 73 F. App'x 326, 329–30 (10th Cir. 2003) (explaining that criminal statutes do not apply in private civil actions); *accord Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Thus, plaintiff fails to state a claim under 18 U.S.C. § 242. And, as explained in the next section, even if the court construed plaintiff's Complaint as alleging a cause of action under a different statute, it fails to allege facts sufficient to state a plausible claim. The court thus grants defendants' motion to dismiss plaintiff's Complaint under Rule 12(b)(6).

### C.   Leave to Amend

In his Response to defendants' Motion to Dismiss, plaintiff asks the court for leave to amend his Complaint to include a claim under 42 U.S.C. § 1983.

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The decision whether to grant leave to amend is within a district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). But "[r]efusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment." *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

Here, defendants argue that plaintiff's proposed amendment is futile because it would be subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief may be granted. To determine whether plaintiff's amendment is futile, then, the court applies the same dismissal standard it outlined in Part II.A, above.

Plaintiff's amendment would be futile. Plaintiff asks the court for leave to amend his Complaint to include a claim under 42 U.S.C. § 1983, but defendants here are two officials who were operating under federal law at the time of plaintiff's allegations. 42 U.S.C. § 1983 applies only to officials acting under color of state law, not federal law. *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 857 (10th Cir. 1991). Although plaintiff notes in his Complaint that defendant Smith is a Kansas Bureau of Investigation employee, plaintiff bases his allegations about Agent Smith on Smith's work while assigned to the FBI as a task force officer. Doc. 1 at 2, 8; *see also id.* at 11 ("Defendant Gary Smith . . . was acting within the scope of a federal agent at the time . . . ."). So plaintiff is suing defendant Smith for

alleged actions he took under color of federal law, not state law.  *Cf. Hampton v. Hanrahan*, 600 F.2d 600, 623 (7th Cir. 1979) (explaining that § 1983 liability only attaches to federal officers involved in a joint state and federal operation if the state power "played a significant role" in the alleged deprivation of rights (quoting *Kletschka v. Driver*, 411 F.2d 436, 449 (2d Cir. 1969))), *rev'd in part on other grounds*, 446 U.S. 754 (1980).  Indeed, plaintiff does not allege facts showing that either defendant acted under state law at any time relevant to his Complaint. Therefore, plaintiff's proposed amended complaint fails to state a claim under § 1983.  *See Lay v. Otto*, 530 F. App'x 800, 802 (10th Cir. 2013) (explaining that alleging actions under state law "is 'a jurisdictional requisite for a § 1983 action'" (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981))).  Because plaintiff's proposed amended complaint would be subject to dismissal for failure to state a claim, the court denies his request to amend his Complaint.

Moreover, granting plaintiff leave to amend his Complaint under any circumstances would be futile.  So long as plaintiff's Complaint is premised—as it is here—on defendants' alleged use of mind control devices attached to small jets, he cannot state a plausible claim for relief.  *See, e.g.*, *Manco v. Does*, No. 08-3205-SAC, 2009 WL 2356175, at *4–5 (D. Kan. July 29, 2009) (dismissing a plaintiff's mind-control-based claims for lacking any arguable basis in law or fact and gathering several cases holding the same).

### III.     Conclusion

For the reasons explained above, the court denies plaintiff's Motions for Entry of Default and grants defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default (Doc. 4) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion for Clerks' Entry of Default (Doc. 7) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default (Doc. 13) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 14) is granted, and plaintiff's request to amend his Complaint (Doc. 17 at 4) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of October, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**